SERVEL, INCORPORATED *v.* JENKINS.
[No. 15,537.   Filed October 18, 1935.]

*Funkhouser & Funkhouser, Ben J. Biederwolf,* and *John D. Rawlings,* for appellant.

*Oscar Lamphar,* for appellee.

KIME, J.—Appellee, while in the employ of appellant, suffered an injury by accident arising out of, and in the course of, her employment. A compensation agreement was entered into by the parties and approved by the Industrial Board and on December 5, 1933, a final receipt was signed by appellee. Subsequently she returned to work (against the advice of her physician), and worked until August 25, 1934, when her employment ceased temporarily because of slackness of work. From the time of her injury to the hearing her physical condition had been impaired and she did not, after returning to work as above mentioned, draw a full salary for any week because of her poor physical condition occasioned by the accident. About the last of August, 1934, she suffered a recurrence of the physical condition that existed at the time of the filing of the original compensation agreement and at this time she is unable to work.

On November 2, 1934, appellee filed her application before the Industrial Board for an adjustment of her claim for compensation on the grounds that: (1) the disability had recurred since the date of said award; (2) that the disability had increased since the date of said award; and (3) that the injury has resulted in a permanent partial impairment.

The full board entered an award in favor of appellee that there had been a change in condition in that appellee's disability as the result of the accidental injury suffered on July 11, 1933, did recur as of August 25, 1934, and ordered that compensation be paid beginning August 25, 1934. From this award appellant appeals, assigning as error that it is contrary to law.

It appears that appellee, while in the employ of appellant, fainted when she inhaled ammonia fumes arising from a bursted ammonia pipe. At that time she ▮▮ was menstruating, and, in attempting to revive her from her faint, ice pack and wet cloths were placed on various portions of her body. Menstruation was suppressed and that was the beginning of the disability for which the compensation agreement hereinabove referred to was made.

Part of the evidence reads as follows, the questions being propounded by the attorney for appellant and answered by one of the doctors who testified herein:

"Q. Doctor, in your opinion, from the examinations that you have made and from your general medical knowledge, what, in your opinion, is the cause of the condition with which she (the appellee) is suffering now, in the pelvic region?"

"A. The existing cause is the supression of menstruation causing involvment of the tubes and ovaries, caused by her exposure at the time of the injury. . . . ."

"Q. In what way would that ammonia inhalation at that time cause or contribute to the present infected condition of the pelvic organs?"

"A. Suppression of menstruation. . . ."

"Q. Doctor, I understand though that there was, from your testimony, I understand that there was a pre-existing condition in July of 1933, which was caused to flare up by the ammonia inhalation, isn't that correct?"

"A. I said that the ammonia inhalation caused a suppression of menstruation and that is the exciting cause. That caused injury to her tubes and ovaries. It lies dormant. She is apparently, as you say in good —better health, she goes back to work and here it comes on again."

"Q. And you say that between July of 1933 and August of 1934, the menses were never regular?"

"A. Regular in amount and flow, but not normal."

"Q. In what way were they abnormal?"

"A. I would say dysmenorrhea, very painful."

From the above it is clear that there is competent evidence to sustain the award of the full board, and the rule that this court will not disturb an award under such circumstances is so well established that citations to that effect, we believe, are not necessary.

The award of the full board is not contrary to law and it is affirmed with the five per cent penalty as provided by law.